IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:11-cr-00302-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SAM JAHANI

and ERIC. A PEPER,

        Defendants.

---

**ORDER GRANTING DEFENDANT JAHANI'S UNOPPOSED MOTION TO EXCLUDE TIME AND FOR ENDS OF JUSTICE CONTINUANCE UNDER THE SPEEDY TRIAL ACT**

---

This matter is before the Court on a motion by Defendant Sam Jahani, unopposed by the government, to exclude from the calculation of speedy trial such time as necessary to allow Defendant Jahani to prepare for trial, and for a continuance of the November 7, 2011 trial date, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B). Having considered the motion and the position of the parties, the Court now makes the following findings of fact and conclusions of law:

The indictment charges the defendant with multiple counts of engaging in a scheme to defraud health care benefit programs in violation of 18 U.S.C. § 1347, money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), conspiracy, and illegally dispensing controlled substances in violation of 21 U.S.C. §

841(a)(1). Three of the controlled substance counts against defendant Jahani are alleged to have resulted in death, subjecting defendant Jahani to a potential sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(C).

The Court finds that the case is complex. The conduct surrounding the alleged scheme to defraud involves many separate patient and financial transactions and presents complicated issues pertaining to customary and proper medical practices regarding patient visits and billing. The controlled substance counts similarly involve multiple patients and transactions and present complicated issues pertaining to customary and proper medical practices, *mens rea*, and, in the counts alleged to have resulted in death, causation. Also, the events in question in the case involve complicated medical issues and communications which are now remote in time and in the memories of witnesses. These facts, when reviewed, are likely to be novel in nature and to present novel questions of law.

The Court further finds that a failure to exclude the time and grant a continuance would unreasonably deny the defendant the time necessary for effective preparation for trial, taking into account the exercise of due diligence. In particular, the Court finds:

1. Discovery is voluminous, and it is taking significant time for defense counsel to electronically load and examine the discovery and evaluate the need to pursue additional records and witnesses for trial.

2. The passage of time between the conduct alleged and the indictment poses significant investigatory obstacles for the defendant. Witnesses have relocated, businesses have dismantled, documents have been moved and memories have faded.

3. Preparation for trial will require extensive document examination, expert consultation, and travel for witness interviews and collection of documents which are material to the presentation of a defense.

4. Counsel for both the government and the defense have exercised due diligence in preparing the case for trial.

Accordingly, preparation of the case for trial requires more flexibility than is possible within the 70 day confines of the Speedy Trial Act. The Court finds that the ends of justice are served by excluding  210  days from the calculation of speedy trial, December 13, 2011 and that such an exclusion under the Speedy Trial Act in this particular case outweighs the interests of the public and the defendant in a speedy trial.

The Unopposed Motion to Exclude Time and For Ends of Justice Continuance is **GRANTED**.

Dated this  12  day of September, 2011.

BY THE COURT:

Christine M. Arguello
U.S. District Court Judge

3