# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Christine M. Arguello

Criminal Case No. 1:11-cr-00302-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAM JAHANI

and ERIC A. PEPER,

    Defendants.

---

## ORDER DENYING GOVERNMENT'S MOTION TO HOLD TRIAL AND OTHER COURT PROCEEDINGS IN GRAND JUNCTION, COLORADO

---

This matter is before the Court on the Government's Motion to Hold Trial and Other Court Proceedings in Grand Junction, Colorado (Doc. # 39). The Government brings its motion pursuant to Fed. R. Crim. P. 18, the Crime Victims' Rights Act ("CVRA"), and the Jury Selection and Services Act of 1968. (*Id.*) For the reasons set forth below, the Government's motion is denied.

### I. BACKGROUND

Defendants in this case are doctors who operated urgent care clinics in Montrose, Delta, and Grand Junction, Colorado. (Doc. # 84, ¶ 3.) On August 3, 2011, a grand jury issued a 70-count Indictment against Defendants, charging them with health care fraud, money laundering, and drug distribution.[1] (Doc. # 1.) On August 30,

---

[1] On February 8, 2012, the grand jury issued a Superseding Indictment. (Doc. # 84.)

2011, an arraignment and discovery conference were held as to both Defendants in Grand Junction.  (Doc. # 29.)

The Government filed the instant motion on September 16, 2012.  (Doc. # 39.) Defendant Jahani responded on October 7, 2011 (Doc. # 42), and Defendant Peper joined in Defendant Jahani's response and set forth an additional response on December 6, 2011 (Doc. # 64).  The Government replied on January 5, 2012.  (Doc. # 79.)  Defendant Peper filed a sur response on August 8, 2012 (Doc. # 163), to which the Government filed a sur reply on August 14, 2012 (Doc. # 165).

## II.  ANALYSIS

The Government requests that the case be tried in Grand Junction in consideration of the Grand Junction community's alleged interest in the case and the convenience of the purported victims and witnesses.  (Doc. # 39.)  The Court finds neither consideration persuasive.

The location of criminal trials is governed by the United States Constitution and by Fed. R. Crim. P. 18.  Criminal trials must be held in the state (U.S. Const. Art. III, § 2), and within the judicial district (Fed. R. Crim. P. 18), where the alleged criminal activity took place.  The Court may set the trial anywhere within the district, but its decision must be made with "due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."  Fed. R. Crim. P. 18.

As a threshold matter, the Court rejects the Government's argument that the CVRA should "impact" the Court's interpretation of Rule 18.  (Doc. # 39 at 6-7.)  The

2

CVRA grants victims "the right not to be excluded from [a] public court proceeding." 18 U.S.C.A. § 3771(a)(3). If this right were to dictate the conclusion reached under a Rule 18 analysis, then Rule 18 would effectively preclude the Court from setting a trial anywhere that would result in the constructive exclusion of alleged victims. Such a practice would effectively grant victims the right to convenience, and it would consequently make the alleged victims' convenience the most important factor in a Rule 18 inquiry. But such a result runs counter to the plain language of both the CVRA and Rule 18. Moreover, the Government cites no case, nor is the Court aware of any, stating that the CVRA guides the analysis under Rule 18.

Nor is the Court persuaded by the Government's assertion that compliance with the Jury Service and Selection Act, 28 U.S.C.A. §§ 1861-1876 (1968), necessitates drawing a petit jury from Grand Junction. (Doc. # 39 at 10-11.) By the Government's own account, the courthouses in Durango and Grand Junction are "quite active, with regular scheduling of judicial proceedings every week. Bench trials and, on occasion, jury trials are conducted as well." (Doc. # 39 at 9-10.) This observation does not accord with the Government's argument that the District of Colorado effectively precludes the Western Slope jury divisions from participating in the federal judicial process by drawing petit juries only from the Denver area. (*See* Doc. # 39 at 11.)

Further, the Court declines to consider the Grand Junction community's alleged interest in the case. (*See* Doc. # 39 at 6.) The Government fails to cite any persuasive legal support for its position that the interests of a "community" within the judicial district should be considered in a Rule 18 analysis. Although the Government references

3

*United States v. Means*, 409 F. Supp. 115 (D.N.D. 1976), that case fails to support the Government's argument. In *Means*, the court noted: "The interest of a community that those charged with violations of its laws, be tried in that community, is not a matter to be cast aside lightly." *Id.* at 117 (citing 2 CHARLES ALAN WRIGHT, FED. PRAC. & PROC. CRIM. § 341 (4th ed. 2012)). The Government would have the Court interpret "community" in this case to mean the Western Slope, or at least the city of Grand Junction. (Doc. # 39 at 6.) But caselaw does not indicate that the term "community" should be interpreted on a case-by-case basis. *See Means*, 409 F. Supp. at 117.

The issue in *Means* was whether or not the case could be transferred outside of the **district** in which the alleged crime had occurred. 409 F. Supp. at 115. Thus, the "community" referenced in the above-cited quote appears to have been the district, not a city or a division therein. Because the instant case will certainly be tried in the district in which the charged crimes allegedly occurred, *Means* is inapposite.

In fixing the location of a trial, the district is clearly the focal point. This was elucidated by the 1966 Amendments to Rule 18, which abolished determination of venue by divisions within a district. Fed. R. Crim. P. 18 advisory committee's note (1966)(Amendments). Consequently, the Court rejects the Government's argument that the community of Grand Junction deserves particular consideration in the Court's Rule 18 analysis.

Instead, the instant Order implicates merely a straightforward Rule 18 inquiry, in which the Court is compelled to consider the convenience of the Defendants, the witnesses, and the alleged victims. *See* Fed. R. Crim. P. 18. As Defendants have

indicated, Denver is more convenient for them than Grand Junction.  Defendant Jahani lives in Texas, and Defendant Peper resides in Florida.  (Doc. # 42 at 19.)  The Court agrees with Defendants' assertions that it is generally more convenient and less expensive to fly into Denver than Grand Junction.  (*See id.*)  Also, Defendants' attorneys, investigators, and experts are based in Denver.  (*Id.*)  Moreover, Defendants have informed the Court that multiple potential defense witnesses are located in the Denver area.  (Doc. # 163 at 1-2.)

In contrast, the Government has offered little support for its contention that the victims in this case will be inconvenienced by a Denver trial.  The Government has not specifically identified any living victims in this case, but rather speaks in generalities about the community's concerns.  (Doc. # 39, ¶ 3).  The Court declines to consider the potential interests of untold scores of people who may "consider themselves victims." (*Id.*)  The Government's "belief" that "hundreds" of Defendants' former patients have "some kind of personal interest" in the case does not persuade the Court to move the trial so as to accommodate the speculative interests of unnamed victims who allegedly would be inconvenienced by the Denver forum..

As for the Government's witnesses, the Government has indicated that it will call many witnesses who live in Grand Junction (Doc. # 79 at 6-7), and the Court agrees that Denver will not be convenient for them.

The balance of considerations is thus: (1) Denver is more convenient for both Defendants; (2) the interests of any alleged victims are too speculative to determine the most convenient forum; and (3) many witnesses will find Denver convenient and many

5

will find it inconvenient. On balance, the Court concludes that Denver is the more convenient forum.

Moreover, the Court may also consider factors affecting "the prompt administration of justice." Fed. R. Crim. P. 18. Because the Grand Junction courthouse houses only one courtroom, holding this trial in Grand Junction would severely delay the administration of justice in Grand Junction. Defendants estimate that the trial will last 16 weeks. (Doc. # 163 at 2.) As such, the progression of other proceedings would be seriously hampered during that time. In sum, the Rule 18 analysis weighs strongly in favor of maintaining Denver as the forum for trial and any other proceedings in this case.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that the Government's Motion to Hold Trial and Other Court Proceedings in Grand Junction, Colorado (Doc. # 39) is DENIED.

DATED: December __10__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge